IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DARRELL LYNN BANKSTON, #R1725  PLAINTIFF

VERSUS  CIVIL ACTION NO. 5:00cv181-DCB-JCS

UNITED STATES DISTRICT COURT  DEFENDANTS

ORDER

This matter is before the Court on the plaintiff's motion for injunctive relief [15] filed June 20, 2008.  The plaintiff argues the following:  1) the "strikes" provision of 28 U.S.C. § 1915 violates his constitutional right of access to the courts; and 2) the court should reconsider the judgment entered in this civil action which resulted in a "strike" being counted against him.

Initially, this court finds the United States Court of Appeals for the Fifth Circuit in Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997) has held that the three-strikes provision of the PLRA "does not prevent a prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying IFP status."  Thus, the plaintiff is not denied access to the courts and therefore, his due process rights or his First Amendment rights are not violated.  Furthermore, the Fifth Circuit has determined that the three-strikes provision of the PLRA does not violate equal protection since it is rationally related to a legitimate state interest of "deterring frivolous and malicious lawsuits."  Id. (citations omitted).  Consequently, the plaintiff's argument is without merit.

Additionally, liberally construing the instant motion and notwithstanding the title given the motion, this court has determined that the motion is in the nature of a motion filed pursuant to Rule 60(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.  A party seeking relief under Rule

60(b) must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b).

In the instant motion, the petitioner argues that because this civil action was dismissed for failure to state a claim and it counts as a strike pursuant to 28 U.S.C. § 1915(g) he is unable to file additional complaints in this court. Because he can no longer enjoy IFP status unless he meets the exception to 28 U.S.C. § 1915(g), the plaintiff argues that the dismissal of the civil action for failure to state a claim should be reversed. Having considered the plaintiff's motion, this Court finds it is without merit and that there is no reason to alter its previous ruling of the Court in the order [13] entered on November 14, 2001. Accordingly, it is,

ORDERED AND ADJUDGED that plaintiff's motion for injunctive relief [15] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that plaintiff is hereby warned that the plaintiff's motion borders on malicious litigation and therefore, he is advised that any future attempts of a similar nature will not be viewed favorably by this court and may lead to sanctions being imposed.

SO ORDERED AND ADJUDGED this the   25th   day of June, 2008.

                                                            s/David Bramlette
                                   UNITED STATES DISTRICT JUDGE